IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DIRECTV, INC., a California corporation, | Case No. 03-1232-HO |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL McKAY, et al., | |
| Defendants. | |

Plaintiff moves for default judgment against defendant Jocelyn Butterfield, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Butterfield. See Order dated April 30, 2004.

## Discussion

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges that Butterfield purchased two "pirate access devices," consisting of a "programmer," and an "unlooper," using interstate or foreign wire facilities and the Postal Service or commercial mail carriers. Complaint, ¶ 8. The complaint further alleges that defendants (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C. § 2511(1)(a).[1] Complaint at 7-9. Based on these allegations, the court finds Butterfield liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

---

[1] Plaintiff withdraws the third claim for violation of 18 U.S.C. § 2512(1)(b).

2 - ORDER

1986). In this case, resolution on the merits is not possible, because Butterfield has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Butterfield's non-appearance; and nothing suggests that Butterfield's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Butterfield is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. §§ 605(a), and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000, or more than

$10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so, it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness, (1) defendant Butterfield and her husband subscribed to DIRECTV's broadcasts on December 9, 1999, (2) defendant Butterfield at that time received all the equipment necessary to receive DIRECTV programming, including an access card, (3) the programmer purchased by Butterfield on August 19, 2000 is designed and/or marketed primarily to permit illegal programming of valid DIRECTV access cards, (4) the unlooper purchased by butterfield on October 25, 2000 is primarily designed and marketed to be used to gain unauthorized access to DIRECTV programming without payment by restoring functionality to access cards previously disabled by misuse or plaintiff's electronic anti-piracy measures, (5) purchase and use of an unlooper indicates prior ownership of one or more illegally modified DIRECTV access cards, and (6) Butterfield joined a web site devoted to the exchange of information and/or tolls for the piracy of DIRECTV programming on or about November 22, 2000. Sichler Decl., ¶¶ 28-32, 37-49, Exs. 1-4. Plaintiff also asserts that subscriber records prove that Butterfield discontinued her

DIRECTV subscription account in July, 2000. Defendant's evidence tends to prove that an account in the name of Mike Butterfield was created on December 9, 1999 and discontinued on July 7, 2000. Sichler Decl., Ex. 1 at 1-2.

Plaintiff argues that its circumstantial evidence creates a strong inference that it is more likely than not that Butterfield pirated DIRECTV from August, 2000 through May, 2003 when this lawsuit was filed. Of course it is also quite possible on this record that no one, or someone other than defendant Butterfield, used pirate access devices to intercept DIRECTV programming without authorization or payment. Because of these possibilities, the court exercises its discretion and declines to award statutory damages.

The court finds that plaintiff is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $3,496.43, and costs in the amount of $442.46. Plaintiff submitted detailed documentation of attorney time expended. Smith Decl., Ex. 1. The requested award is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, and $180 for Portland attorney Tarbox, admitted in 1999. The rates are somewhat higher than average rates for Portland attorneys with

similar experience reported in the 2002 Oregon State Bar Economic
Survey (13-15 years = $189, 10-12 years = $187, 4-6 years =
$165). The higher rates are justified to compensate for
inflation, and because plaintiff's attorneys have significant
experience litigating the claims at issue. According to
plaintiff, its attorneys have filed 52 lawsuits against 190
defendants on it's behalf. The court is handling several of
these cases, and has observed that the claims are similar in
many, if not all of the cases with which the court is familiar.

The number of hours expended is also reasonable, except for
claimed hours expended on plaintiff's unsuccessful motion to stay
proceedings. The court disallows the following time entries
claimed on exhibit 1 to the Smith Declaration. The court will
subtract the corresponding dollar amounts (totaling $200) from
the fee request.

For attorney Smith,

| | | |
|---|---|---|
| 03/02/2005 | .3 | hr |
| 03/03/2005 | .1 | hr |
| 03/08/2005 | .1 | hr |
| 03/09/2005 | .2 | hr |
| 03/15/2005 | .1 | hr |
| | .7 | hr (*$250/hr = $175) |

For paralegal Zochert,

03/14/2005              .5  hr  (*$50/hr = $25)

Based on the foregoing, a reasonable fee award in this case
is $3,296.43.

The cost bill reflects costs expended for the filing fee,

6 - ORDER

process server, subpoena, express mail, telephone, photocopies and fax charges. The costs appear reasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#107] and motion for attorney fees and costs [#110] relating to defendant Jocelyn Butterfield are granted to the extent provided herein.

Jocelyn Butterfield is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Jocelyn Butterfield. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall recover from Jocelyn Butterfield $442.46 in costs, and $3,296.43 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 18th day of January, 2006.

Michael R. Hogan
United States District Judge